a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| JERAMIE PAUL BRUNET JR #95666, Plaintiff | CIVIL DOCKET NO. 1:21-CV-01968 SEC P |
| VERSUS | JUDGE DAVID C. JOSEPH |
| WARDEN CATAHOULA CORRECTIONAL CENTER ET AL, Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a civil rights Complaint under 42 U.S.C. § 1983 filed by Jeramie Paul Brunet ("Brunet"). Brunet is a pretrial detainee at the Terrebonne Criminal Justice Complex ("TCJC") in Houma, Louisiana. He complains about the conditions of confinement when he was temporarily housed at the Catahoula Correctional Center ("CCC") Harrisonburg, Louisiana.

Because Brunet fails to state a claim for which relief can be granted, his Complaint (ECF No. 1) should be DENIED and DISMISSED.

I. Background

Brunet alleges that he and the other TCJC inmates were temporarily transferred to CCC on October 5, 2020, in anticipation of a storm. ECF No. 1. Brunet alleges that he was confined for three to four days in a dorm with no running water, electricity, or proper ventilation. ECF No. 1 at 10.

1

Brunet alleges that, as a result of the conditions, one inmate was stabbed; one person died from a heart attack; a few people were punched; and inmates could be heard sharpening plexiglass from windows that inmates broke through to allow for ventilation. ECF No. 1 at 10-12. Brunet alleges that guards "shot pepper balls in the dorm," and that "pepper was going through the vents in [the] dorm making it hard to breathe." *Id.* Brunet also claims that "feces was literally piling up in the toilet," and there was mud and muddy water on the floor of the dorms. *Id.*

## II. Law and Analysis

### A. Brunet's Complaint is subject to preliminary screening.

Brunet is an inmate who has been allowed to proceed *in forma pauperis*. ECF No. 9. As a prisoner seeking redress from an officer or employee of a governmental entity, Brunet's Complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott*, 156 F.3d 578, 579–80 (5th Cir. 1998) (*per curiam*). Because he is proceeding *in forma pauperis*, Brunet's Complaint is also subject to screening under § 1915(e)(2). Both §§ 1915(e)(2)(B) and 1915A(b) provide for *sua sponte* dismissal of the Complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A claim is factually frivolous if the alleged facts are "clearly baseless, a category

encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'" *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992). A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

### B. Brunet does not allege he suffered any physical injury.

"No federal civil action may be brought by a prisoner confined in jail, prison or other correctional facility for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e. The physical injury required by § 1997e(e) must be more than *de minimis*, but need not be significant. *See Harper v. Showers*, 174 F.3d 716 (5th Cir. 1999) (citing *Siglar v. Hightower*, 112 F.3d 191 (5th Cir. 1997) (bruising and soreness for three days from guard twisting a prisoner's arm and ear was *de minimis* and would not support a claim for mental or emotional suffering)).

Although he is a pretrial detainee, Brunet is a "prisoner" under the statutory definition of that term. *See* § 1997e(h). Brunet does not allege that he suffered any physical injury as a result of the temporary confinement at CCC. Therefore, he is barred from obtaining compensatory damages. Section 1997e(e) does not, however, bar claims for nominal and punitive damages if a prisoner can show a constitutional violation. *Hutchins v. McDaniels*, 512 F.3d 193, 196–98 (5th Cir. 2007).

C. <u>Brunet does not state a viable constitutional claim.</u>

A pretrial detainee's constitutional rights flow from both the procedural and substantive due process guarantees of the Fourteenth Amendment. *Bell v. Wolfish*, 441 U.S. 520, 532 (1979); *Hare v. City of Corinth*, 74 F.3d 633, 639 (5th Cir. 1996). Under *Bell*, the State "must distinguish between pretrial detainees and convicted felons in one crucial respect: The State cannot punish a pretrial detainee." *Hare*, 74 F.3d at 639. "The Fourteenth Amendment prohibits the imposition of conditions of confinement on pretrial detainees that constitute punishment." *Collins v. Ainsworth*, 382 F.3d 529, 540 (5th Cir. 2004). The Constitution is not offended, however, by "a *de minimis* level of imposition." *Bell*, 441 U.S. at 539 n. 21; *see Geagan v. Couvillon*, 2018 WL 1750954, at * 4 (W.D. La. March 22, 2018) (noting that "the judiciary is ill equipped to micro-manage a jail's day-to-day operations, and federal courts are therefore loath to intervene when detainees complain of trivial inconveniences").

A pretrial detainee may bring constitutional challenges under two theories: (1) as an attack on a "condition of confinement"; or (2) as an "episodic act or omission." *Shepherd v. Dallas Cty.*, 591 F.3d 445, 452 (5th Cir. 2009) (quoting *Hare*, 74 F.3d at 644–45). A condition of confinement claim is a "[c]onstitutional attack on general conditions, practices, rules, or restrictions of pretrial confinement." *Scott v. Moore*, 114 F.3d 51, 53 (5th Cir. 1997) (citing *Hare*, 74 F.3d at 644).

To adequately state such a claim, the plaintiff must establish: (1) a rule or restriction or . . . the existence of an identifiable intended condition or practice . . . [or] that the jail official's acts or omissions were sufficiently extended or pervasive;

4

(2) which was not reasonably related to a legitimate governmental objective; and (3) which caused the violation of [a detainee's] constitutional rights. *See Velazquez v. Baker*, 2021 WL 812505, at *6–8 (N.D. Tex. 2021) (citing *Montano v. Orange Cty., Texas*, 842 F.3d 865, 874 (5th Cir. 2016); *Estate of Henson v. Wichita Cty.*, 795 F.3d 456, 468 (5th Cir. 2015)). If a pretrial detainee cannot point to an established rule or restriction, then "he must show that the jail official's acts or omissions were sufficiently extended or pervasive, or otherwise typical of extended or pervasive misconduct by other officials, to prove an intended condition or practice to which the *Bell* test can be meaningfully applied." *Id.* (citing *Hare*, 74 F.3d at 645).

Conversely, where a pretrial detainee's claim instead "attacks the episodic acts or omissions of a state jail official, the question [becomes] whether that official breached his constitutional duty to tend to the basic human needs of persons in his charge," and *Bell* no longer provides the appropriate standard for review. *Hare*, 74 F.3d at 645; *Scott*, 114 F.3d at 53. An official may be held liable for such episodic acts or omissions only if it can be shown that they had actual subjective knowledge of a substantial risk of harm to their detainee, but responded with deliberate indifference to that risk. *Hare*, 74 F.3d at 650; *Payne v. Collins*, 986 F. Supp. 1036, 1952 (E.D. Tex. 1997).

To prove his rights were violated by an individual or episodic act, a pre-trial detainee "must establish that an official acted with subjective deliberate indifference." *Scott*, 114 F.3d at 54 (quoting *Hare*, 74 F.3d at 649 n.4). Further, the conditions must be "so serious as to deprive [plaintiff] of the minimal measure of life's

5

necessities, in this case the basic human need for sanitary living conditions." *Alexander v. Tippah Cty.*, 351 F.3d 626, 630 (5th Cir. 2003).

Initially, the Court observes that Brunet has not cited any "rule or restriction or . . . the existence of an identifiable intended condition or practice" sufficient to establish a conditions of confinement claim. Nor has he alleged that the Warden or officer's actions were "extended or pervasive, or otherwise typical of extended or pervasive misconduct by other officials, to prove an intended condition or practice to which the *Bell* test can be meaningfully applied." *Hare*, 74 F.3d at 645. Brunet's allegations amount to temporary conditions that arose due to a storm and emergency evacuation. Accordingly, any claim purporting to establish a general or intended "conditions of confinement" necessarily fails. *See Velazquez*, 2021 WL 812505, at *7.

Moreover, the Complaint is subject to dismissal under the Fourteenth Amendment because Brunet does not demonstrate that three to four days of confinement under the conditions alleged constituted actionable "punishment."[1]

Alternatively, if Brunet's claim against the warden and unidentified officers is more accurately characterized as an episodic act or omission, the claim still fails

---

[1]*See Geagan*, 2018 WL 1750954, at *4 (plaintiff's complaint of "two incidents in which the toilet in his dorm overflowed, causing 'feces, urine, and other foreign objects' to flood the area . . . while unpleasant, concern nothing more than de minimis inconveniences which do not constitute 'punishment' or otherwise rise to the level of constitutional violations"); *Smith v. Copeland*, 87 F.3d 265, 269 (8th Cir. 1996) (finding no constitutional violation where pre-trial detainee had to "endure the stench of his own feces and urine" for four days due to an overflowed toilet in his cell); *Alexander v. Hamilton*, No. 14-CA-654, 2015 WL 339730, at *4 (W.D. Tex. 2015) (no constitutional violation occurred where pre-trial detainee was denied a shower for five days); *Hamilton v. Lyons*, 74 F.3d 99, 106–07 (5th Cir. 1996) (depriving pre-trial detainee of a shower for three days, as well as denying sheets, telephone access, visitation, and recreation, did not constitute punishment).

because Brunet does not allege that Defendants failed to meet his basic human needs due to the temporary sanitation problem and discomfort. *Hare*, 74 F.3d at 645; *Velazquez v. Baker*, 2021 WL 812505, at *6–8 (N.D. Tex. 2021). Although he mentions other prisoners being punched, stabbed, or needing medical treatment, Brunet personally did not experience these harms.

Furthermore, a detainee generally cannot state such a claim where he faces sanitation problems only for a brief period. *See id.*[2]

Brunet's complaint regarding the use of pepper spray in the dorm should also be dismissed. To state an excessive force claim, a plaintiff must allege the force was applied "maliciously and sadistically to cause harm," and not "in a good-faith effort to maintain or restore discipline. . . ." *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992) (citing *Whitley v. Albers*, 475 U.S. 312, 320-21 (1986)); *Rankin v. Klevenhagen*, 5 F.3d 103 (5th Cir. 1993).[3] Not every "malevolent touch" by a prison official gives rise to a

---

[2] *See also Pomier v. Leonard*, 532 F. App'x 553 (5th Cir. 2013) (no constitutional violation where there was no power at the jail for five days; plaintiff could not use a toilet to defecate for three days; plaintiff could not shower for seven days and then had to take cold showers for seven more days; toilets were filled with urine and feces for thirteen days; there was no clean water available for three days); *Johnson v. Anderson*, 255 F. App'x 851, 854 (5th Cir. 2007) (brief delay of "three or four days" of unsanitary conditions in holding cell before it was cleaned by staff does not demonstrate deliberate indifference to needs); *Desroche v. Strain*, 507 F. Supp. 2d 571, 581 (E.D. La. 2007) (detainee's episodic act or omission claim against officials for confinement in unsanitary cell failed because "a short term sanitation restriction or problem, although admittedly unpleasant, does not amount to a constitutional violation"); *Unger v. Taylor*, 6:06-CV-466, 2007 WL 9711406, at *12 (E.D. Tex. Sept. 18, 2007) ("a short term sanitation problem does not amount to a constitutional violation"), *report & recommendation adopted*, 2008 WL 11422152 (E.D. Tex. Feb. 1, 2008), *aff'd* 368 F. App'x 526 (5th Cir. 2010)).

[3] The standard for analyzing an excessive force claim under § 1983 is the same whether brought under the Due Process Clause by a pretrial detainee or under the Eighth Amendment by a convicted prisoner. *Valencia v. Wiggins*, 981 F.2d 1440, 1447 (5th Cir.1993).

constitutional claim of excessive force. *Hudson*, 503 U.S. at 9-10. In fact, the Eighth Amendment prohibition against "'cruel and unusual' punishment necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind.'" *Hudson*, 503 U.S. at 9-10 (citations omitted).

Brunet alleges that one prisoner was stabbed multiple times, another was punched in the face, and others were making shanks from plexiglass. ECF No. 1. Therefore, it is reasonable to conclude that the use of balls of pepper spray was an effort to restore discipline and not a malicious or sadistic attack. Brunet has not alleged otherwise.

Thus, even assuming Brunet was subjected to unsanitary conditions and pepper spray that circulated through a vent during a period of three to four days, he has not pleaded facts giving rise to a cognizable constitutional claim. *See Velazquez*, 2021 WL 812505, at *6–8; *Desroche*, 507 F. Supp 2d at 581; *Unger*, 2007 WL 9711406, at *11–12.

## III. Conclusion

Because Brunet fails to state a constitutional claim for which relief can be granted, IT IS RECOMMENDED that his Complaint (ECF No. 1) be DENIED and DISMISSED under §§ 1015(e)(2)(b) and 1915A.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P.

6(b). A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on Thursday, September 23, 2021.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE